IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DEWAYNE ANTONIO EDWARDS                                                    PLAINTIFF

v.                                    Civil No. 4:20-cv-04040

SERGEANT GRIFFEY, Miller County Detention
Center ("MCDC"); WARDEN WALKER; OFFICER
ELLIS; OFFICER POOLE; OFFICER WEBB;
OFFICER SALVADOR; OFFICER LEAKES;
JANE DOE; and JOHN DOE                                                     DEFENDANTS

## ORDER

Before the Court is the order directing Plaintiff to file an Amended Complaint, the premature order directing service on Defendants, and the issuance of summonses. (ECF Nos. 3, 6, 7).

Plaintiff Dewayne Antonio Edwards filed this action *pro se* pursuant to 42 U.S.C. § 1983 on May 18, 2020. (ECF No. 1). Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) was granted the same day. (ECF No. 3). In that same order, the Court directed Plaintiff to submit an Amended Complaint by June 8, 2020 to clarify his claims against the named Defendants and instructed the Clerk to mail Plaintiff a court-approved § 1983 form. However, the Clerk did not send Plaintiff the complaint form. In addition, on May 19, 2020, the Court prematurely entered an order directing the U.S. Marshals to serve the named Defendants. (ECF No. 6). The Clerk then issued summonses for the Defendants. (ECF No. 7).

**The Clerk is DIRECTED to send Plaintiff an approved § 1983 complaint form. The Clerk is also DIRECTED to withdraw the order directing service (ECF No. 6) and the Summonses issued to Defendants. (ECF No. 7).**

**Plaintiff is directed to file an Amended Complaint by June 11, 2020.** In the Amended Complaint, Plaintiff must write short, plain statements telling the Court: the constitutional right Plaintiff believes was violated; the name of the Defendant who violated the right; exactly what the Defendant did or failed to do; how the action or inaction of that Defendant is connected to the violation of the constitutional rights; and what specific injury Plaintiff suffered because of the misconduct of that Defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); Fed.R.Civ.P.8. Plaintiff must repeat this process for each person he has named as a Defendant. Plaintiff is CAUTIONED that he must affirmatively link the conduct of each named Defendant with the specific injury he suffered. If he fails to do so, the allegations against that Defendant will be dismissed for failure to state a claim.

Plaintiff must clearly designate on the face of the document that it is a First Amended Complaint. The First Amended Complaint must be retyped or rewritten in its entirely on the court-approved form. You may not refer back to any part of the original complaint. A First Amended Complaint supersedes, or takes the place of, the original Complaint. After amendment, the Court will treat the original Complaint as nonexistent. Any cause of action that was raised in the original Complaint is waived if it is not raised in the First Amended Complaint. **This case shall be subject to dismissal if Plaintiff fails to return the Amended Complaint to the Court's imposed deadline of June 11, 2020.**

**IT IS SO ORDERED this 21st day of May 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE